# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 5, 2024

Lyle W. Cayce
Clerk

No. 24-60051

DeSanto Rollins,

*Plaintiff—Appellant*,

*versus*

Lane Kiffin, *in his individual capacity and official capacity as the Head Football Coach for the University of Mississippi*; University of Mississippi; John Does 1-10,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:23-CV-356

Before Southwick, Haynes, and Douglas, *Circuit Judges*.

Per Curiam:[*]

This case concerns Plaintiff-Appellant DeSanto Rollins's allegations of race, sex, and disability discrimination against Defendant-Appellees Lane Kiffin and the University of Mississippi ("UM"). Specifically, Rollins brought the following claims against UM and Kiffin in his official capacity: (1) Title VI racial discrimination; (2) Title IX sex discrimination; (3)

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60051

discrimination pursuant to the Americans with Disabilities Act; (4) discrimination pursuant to the Rehabilitation Act; (5) gross negligence; and (6) negligence. Rollins also alleged a violation of the Equal Protection Clause and intentional infliction of emotional distress against Kiffin in his individual capacity.

Appellees moved to dismiss Rollins's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). After the parties introduced matters outside the pleadings, the district court converted Appellees' motion to dismiss pursuant to Rule 12(b)(6) into a motion for summary judgment. The district court granted the Rule 12(b)(1) motion, finding Rollins's claims were barred by the Eleventh Amendment. The district court also granted the converted Rule 56 motion, finding that no genuine disputes of material fact precluded summary judgment on Rollins's claims.

Rollins appealed the district court's order except as to the gross negligence and negligence claims. We find no error in the district court's determination that Rollins has failed to carry his burden pursuant to Rule 12(b)(1) and Rule 56. Accordingly, the district court's order dismissing Rollins's claims is AFFIRMED.

2